UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7197 CAS (JTLx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | G. LOOMIS, INC. v. GARY A. LOOMIS; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR INTRA-DISTRICT TRANSFER** (filed 02/20/09)

**DEFENDANTS' CROSS-MOTION TO DISMISS OR TRANSFER** (filed 03/16/09)

## I.    INTRODUCTION AND BACKGROUND

On October 30, 2008, plaintiff G. Loomis, Inc. ("Loomis Inc.") filed suit against defendants Gary A. Loomis; Loomis/Borger Outdoors Holding, Inc.; Targus Fly & Feather, Inc. ("Targus"); Loomis Outdoors, Inc.; and Does 1 through 10, alleging various claims for trademark infringement and trade secret misappropriation.

Loomis Inc. alleges that it is the owner of a federal trademark registration for the "G. Loomis" trademark, which is "widely used in connection with fishing equipment and other sporting goods distributed throughout the United States." FAC ¶ 1. Loomis Inc. alleges that on or about May 28, 1997, defendant Gary Loomis sold all of his interest in G. Loomis Products, Inc., of which Loomis Inc. is a wholly owned subsidiary, to Shimano American Corporation. FAC ¶ 1. As part of the sale, Gary Loomis transferred 100% of the stock of G. Loomis Products, Inc., and all of its assets and subsidiaries, including Loomis Inc. and the "G. Loomis" trademark, to Shimano pursuant to the purchase agreement. Loomis Decl. Ex. A. On May 30, 1997, Gary Loomis executed an employment agreement with Loomis Inc., through which he remained employed by Loomis Inc. in a consulting role. Loomis Decl. Ex. B. The employment agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7197 CAS (JTLx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | G. LOOMIS, INC. v. GARY A. LOOMIS; ET AL. | | |

contains a covenant not to compete.[1]  On or about May 28, 1997, Gary Loomis executed an "Assignment of Rights of Publicity and Intellectual Property Agreement" (hereinafter, "publicity rights agreement") with Loomis Inc., which also includes a covenant not to compete.[2]  Loomis Decl. Ex. C.  Plaintiff alleges that by 2006, defendant Gary Loomis was only committed to working 90 days a year for Loomis Inc. in a promotional capacity and under a new agreement memorialized in an email dated April 24, 2006 ("the 2006 employment agreement").  Plaintiff further alleges that the 2006 employment agreement contained a non-compete restriction that allowed defendant Gary Loomis to pursue other business plans "as long as there are no conflicts with [the 2006 employment agreement] or [GLI's] business plans."  Plaintiff further alleges that the 2006 employment agreement was effective for three years, or until either party terminated the agreement in writing

---

[1] The employment agreement provides that defendant Gary Loomis "shall not during the term [of the agreement] take on any conflicting obligations, and, in particular, will not permit his name or likeness to be used on behalf of or associated with any other fishing rod, reel, apparel and accessory business, or endorse any such products."  Loomis Decl., Ex. B at 123.  The "Effective Date" of the agreement is May 30, 1997.  "Term" is defined as "commencing on the Effective Date and expiring three (3) years from the Effective Date . . . upon which date this Agreement shall in all respects terminate, except for those obligations of either party hereunder which are expressly provided to continue after the term of this Agreement."  Id. at 122.

[2] The covenant not to compete in the publicity rights agreement provides that "during the period over which [defendant Gary Loomis] is (or is supposed to be) providing Services (i) and for one year thereafter, [defendant Gary Loomis] will not . . . engage in any activity that is in any way competitive with the business or demonstrably anticipated business of [Loomis, Inc.], and [defendant Gary Loomis] will not assist any other person or organization in competing or in preparing to compete with any business or demonstrably anticipated business of [Loomis, Inc.]."  Loomis Decl., Ex. C at 134-35.  The publicity rights agreement further provides that "upon the later of the termination of the Term of the Employment Agreement or five (5) years after the Closing Date, [Loomis Inc.] will not use any rights of publicity of [defendant Gary Loomis] (subject to the phase out rights of paragraph 1(a) unless [defendant Gary Loomis] provides [Loomis Inc.] with his consent."  Id. at 132.  The publicity rights agreement provides for a "phase out period" of 180 days after the expiration of the agreement.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7197 CAS (JTLx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | G. LOOMIS, INC. v. GARY A. LOOMIS; ET AL. | | |

with 30 days notice.

Loomis Inc. alleges that although defendant Gary Loomis continued to work as its employee after the sale of G. Loomis Products, defendant Gary Loomis used the "G. Loomis" mark on fishing baits in July 2007, and "secretly" had the domain name "loomisfishing.com" registered by Jon Bial. Id. Loomis Inc. further alleges that while defendant Gary Loomis was still its employee, he began working on fishing-related equipment with defendant Targus and incorporated defendant Gary Loomis, Inc. Id. Loomis Inc. alleges that in May 2008, defendant Gary Loomis terminated his employment with Loomis Inc. and that in April 2008, he incorporated defendant Loomis/Borger Outdoor Holdings, Inc. in Washington State. Id. Loomis Inc. alleges that defendants are using the "G. Loomis" mark in connection with the distribution and sale of fishing equipment, in violation of its rights. Id.

The purchase agreement, the publicity rights agreement, and the employment agreement each contain forum selection clauses that expressly conflict with one another.[3] The purchase agreement contains a forum selection clause, which provides

> [A]ny judicial proceeding arising out of this Agreement or any matter related hereto may be brought only in the courts of the State of California for the County of Orange, or in the United States District Court for the Central District of California, and by executed [sic] and delivery of this Agreement, each of the parties to this Agreement accepts for itself the exclusive jurisdiction of the aforesaid courts, and irrevocably agrees to be bound by any judgment rendered thereby in connection with this Agreement, but no

---

[3] Defendants contend that the purchase agreement does not apply to this dispute because it explicitly disclaims any third party beneficiaries. As to the publicity rights agreement, defendants contend that plaintiff has not brought any claims for breach of contract. It appears that the purchase agreement expressly incorporates the publicity rights agreement and the employment agreement. Loomis Decl., Ex. A at 90. Therefore, the Court cannot conclude that plaintiff is not a third party beneficiary of the purchase agreement despite the disclaimer contained therein. Nonetheless, for the reasons articulated herein, although these forum selection clauses must be considered, they do not necessarily resolve the motions now before the Court.

Case 2:08-cv-07197-CAS-JTL   Document 24   Filed 04/21/09   Page 4 of 9   Page ID #:526

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7197 CAS (JTLx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | G. LOOMIS, INC. v. GARY A. LOOMIS; ET AL. | | |

party waives its right to appeal any judgment or order.

Loomis Decl. Ex. A at 117.  The publicity rights agreement also includes a forum selection clause, which provides that "[a]ny action or proceeding relating to the enforcement or interpretation of this Agreement shall be brought and maintained exclusively in any court of competent jurisdiction in Orange County, California." Loomis Decl. Ex. C at 136.  The employment agreement also contains a forum selection clause, which provides that "[a]ny action or proceeding relating to the enforcement or interpretation of this Agreement shall be brought and maintained exclusively in any court of competent jurisdiction in King County, Washington."  Loomis Decl. Ex. B at 129.

On December 5, 2008, Loomis Inc. filed a first amended complaint ("FAC") against defendants Gary A. Loomis; Loomis/Borger Outdoors Holding, Inc.; Targus; Loomis Outdoors, Inc.; Gary Loomis, Inc.; LBS Financial Services, LLC; and Does 1 through 10, alleging claims for (1) false designation of origin, in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) trademark infringement, in violation of the Lanham Act, 15 U.S.C. § 1114; (3) violation of the Cyberpiracy Act, 15 U.S.C. § 1125(d); (4) false representation in violation of the Lanham Act, 16 U.S.C. § 1125(a); (5) false endorsement in violation of the Lanham Act, 15 U.S.C. § 1125(a); (6) trademark infringement, in violation of Cal. Bus. & Prof. Code § 14335; (7) infringement of trade name, in violation of Cal. Bus. & Prof. Code § 14402; (8) false advertising, in violation of Cal. Bus. & Prof. Code § 17500; (9) misappropriation; (10) breach of fiduciary duty; and (11) inducement of trademark infringement.

On February 20, 2009, Loomis Inc. filed the instant motion for leave to file a second amended complaint ("SAC") and for intra-district transfer.   The proposed SAC names Gary A. Loomis; Loomis/Borger Outdoors Holding, Inc.; Targus; Loomis Outdoors, Inc.; Gary Loomis, Inc.; and LBS Financial Services, LLC, as party defendants.  On March 16, 2009, defendants Gary Loomis, Inc., Gary A. Loomis, and Loomis Outdoors, Inc. filed their opposition and cross-motion to dismiss or transfer.  On March 30, 2009, Loomis Inc. filed its reply and its opposition to defendants' cross-motion.  On April 6, 2009, defendants filed their reply.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7197 CAS (JTLx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | G. LOOMIS, INC. v. GARY A. LOOMIS; ET AL. | | |

In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 MOORE'S FEDERAL PRACTICE § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3-4 (C.D. Cal. 2006)

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278-79 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

### III. DISCUSSION

#### A. Defendants' Cross-Motion to Dismiss or Transfer

Defendants argue that venue in the Central District of California is improper

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7197 CAS (JTLx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | G. LOOMIS, INC. v. GARY A. LOOMIS; ET AL. | | |

pursuant to 28 U.S.C. § 1391(b).  Opp'n at 7.  Section 1391(b) provides

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Defendants argue that venue is improper under § 1391(b)(1) because none of the defendants resides in California.  Id. at 8.  Defendants further argue that venue is improper under § 1391(b)(2) because a substantial part of the claims did not arise in California.  Id.  Defendants contend that this dispute is between Washington corporations and concerns the use of the name of a Washington citizen.  Id.  Defendants further argue that venue is improper under § 1391(b)(3) because proper venue exists in the Western District of Washington.  Id. at 9.  Defendants contend that all but one of the defendants resides in the Western District of Washington.[4]  Id.  Defendants further contend that to the extent Loomis Inc. alleges wrongdoing by the moving defendants, the conduct giving rise to the allegations took place in Washington.  Id.

Defendants further argue that the Court should dismiss Loomis Inc.'s FAC pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406 for improper venue, without leave to refile in this District.  Mot. at 10 (citing Fagan v. Deutsche Bundesbank, 438 F. Supp. 2d 376, 380 (S.D.N.Y. 2006); Amaker v. Haponik, 198 F.R.D. 386, 392 (S.D.N.Y. 2000)).  Defendants argue that the Court should dismiss Loomis Inc.'s claims, rather than transfer, because there are "material defects" in the FAC and there is no statute of limitations bar to Loomis Inc. filing a new complaint elsewhere.  Id. at 12 (citing McFarland v. Memorex Corp., 493 F. Supp. 657, 660 (N.D. Cal. 1980)).  Defendants contend that the FAC contains the following defects: (1) improper pleading of Lanham

---

[4] Defendant LBS resides in New Jersey.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7197 CAS (JTLx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | G. LOOMIS, INC. v. GARY A. LOOMIS; ET AL. | | |

Act claims based on the alleged misstatement of ownership of a trademark, which is not a statement about a good or service under the Lanham Act; (2) improper pleading of Lanham Act claims based upon purported securities fraud in an apparent attempt to circumvent securities law standing requirements; (3) Loomis Inc.'s sixth claim is based on a statute that has been repealed; (4) failure to plead facts that state a violation of Cal. Bus. & Prof. Code §§14400-14402; (5) improper pleading of Loomis Inc.'s misappropriation of a trademark claim; and (6) improper pleading of Loomis Inc.'s breach of fiduciary duty claim based solely on an employment relationship. Id. at 13. Defendants further contend that the proposed SAC continues to improperly state a claim for violation of Cal. Bus. & Prof. Code §§14400-14402 and that the fourth and fifth claims in the proposed SAC are duplicative of the first and second claims contained therein. Id. at 14.

Alternatively, defendants argue that this case should be transferred to the Western District of Washington pursuant to 28 U.S.C. § 1404. Opp'n at 14. Defendants contend that Loomis Inc., most of the defendants, and most of the witnesses reside in the Western District of Washington. Id. at 15. Defendants further contend that "the witnesses and documents in this case are located in Washington" and that they intend to call "trial witnesses who reside in the State of Washington to relate the content of oral conversations wherein [defendant Gary Loomis] notified [Loomis Inc.] of his plans to start a new business—the content of which may well require credibility determinations." Id.

Loomis Inc. responds that "defendants' Section 1391(b) analysis is rendered moot by the parties' forum selection contracts." Reply at 8. Loomis Inc. argues that the forum selection clauses are presumed valid and that defendants have made no showing of overreaching or fraud. Id. at 9. Loomis Inc. contends that the transaction was negotiated at arms-length and that the designation of California as the governing forum is consistent with Shimano's headquarters in Irvine, California and the closing of the sale transaction in California. Id. Loomis Inc. further contends that "[t]he fact that some of the parties involved have contacts with the State of Washington does not invalidate or render unenforceable the parties' contractually specified venue." Id.

Moreover, Loomis Inc. argues that the defendants' substantive arguments regarding pleading defects are "almost exclusively directed to the FAC" and that these defects have been addressed in the proposed SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7197 CAS (JTLx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | G. LOOMIS, INC. v. GARY A. LOOMIS; ET AL. | | |

    The Court concludes that the forum selection clauses contained in the purchase agreement and the publicity rights agreement do not apply to the FAC because the FAC does not contain any claims for breach of contract.[5]

    The Court further concludes that venue is improper in this District pursuant to 28 U.S.C. § 1391(b). Venue is improper pursuant to § 1391(b)(1) because none of the defendants resides in California. Similarly, venue is improper pursuant to § 1391(b)(2) because (1) this dispute is between Washington corporations; (2) it concerns the use of the name of a Washington citizen; and (3) Loomis Inc. has not demonstrated that "a substantial part of the events or omissions giving rise to the claim occurred" in California. Lastly, venue is improper pursuant to § 1391(b)(3) because venue would be proper in the Western District of Washington, where most of the defendants reside and where defendants' allegedly improper use of the "G. Loomis" trademark occurred.

    In light of the factors that are relevant under § 1404, the Court concludes that this action should be transferred to the Western District of Washington pursuant to 28 U.S.C. § 1404. As discussed supra, venue is proper in the Western District of Washington. Furthermore, the convenience of the parties would be served by transferring this case to the Western District of Washington because all of the parties, aside from one defendant, reside in Washington. Furthermore, it appears that none of the parties have any contacts with this forum and plaintiff's choice of forum is entitled to little deference when plaintiff

---

[5] The Court notes that Loomis Inc. seeks to file a SAC. However, even if the Court permitted the SAC to be filed, it would present the same issues that are presented by the FAC, namely that none of the named defendants resides in California. Even considering the SAC, which contains a claim for breach of the publicity rights agreement, the mandatory forum selection clause in the publicity rights agreement is not dispositive of the transfer issue. Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988) ("The forum-selection clause . . . should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)."); Plum Tree, Inc. v. Stockment 488 F.2d 754, 757 (3d Cir. 1973) ("we note that the existence of a valid forum-selection clause . . . does not obviate the need for an analysis of the factors set forth in § 1404(a) and does not necessarily preclude the granting of the motion to transfer."). Just as in this case, the forum selection clauses in Stewart Organization and Plum Tree were mandatory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7197 CAS (JTLx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | G. LOOMIS, INC. v. GARY A. LOOMIS; ET AL. | | |

does not reside in the chosen forum. Guimei v. General Elec. Co., 172 Cal. App. 4th 689 (2009). Lastly, defendants assert, and Loomis Inc. does not refute, that all of the documents and witnesses pertaining to this agreement are located in Washington. Therefore, the Court concludes that the convenience of the parties, the convenience of the witnesses, and the interests of justice support a transfer to the Western District of Washington.

In light of the Court's conclusion that this action should be transferred to the Western District of Washington, the Court concludes that defendants' motion to dismiss should be denied.

### B.   Plaintiff's Motion for leave to File a Second Amended Complaint and for Intra-District Transfer

Given the Court's conclusion that this action should be transferred to the Western District of Washington, the Court does not reach Loomis Inc.'s motion for leave to file a SAC, but denies Loomis Inc.'s motion for intra-district transfer.

### IV.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for intra-district transfer with prejudice. The Court further denies plaintiff's motion for leave to file a second amended complaint without prejudice.

The Court further GRANTS defendants' motion to transfer this action to the Western District of Washington. The Court further DENIES defendant's motion to dismiss the FAC without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |